1900 Capital Trust III v Guaman (2023 NY Slip Op 02075)

1900 Capital Trust III v Guaman

2023 NY Slip Op 02075

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 26962/20E, 36200/20E Appeal No. 89-90 Case No. 2022-04077, 2022-04099 

[*1]1900 Capital Trust III etc., Plaintiff-Respondent,
v
Maria C. Guaman, Defendant-Appellant, New York City Environmental Control Board et al, Defendants.
Maria C. Guaman, Plaintiff-Appellant,
v
1900 Capital Trust III etc., Defendant-Respondent.

Zeltser Law Group, PLLC, Brooklyn (Naomi Zeltser of counsel), for appellant.
Ross Eisenberg Law PLLC, Cedarhurst (Ross Eisenberg of counsel), for respondent.

Orders, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered May 3, 2022, which granted 1900 Capital Trust III's motion to dismiss the complaint in index No. 26962/2020E, and denied Maria C. Guaman's motion to dismiss the complaint as against her in index No. 36200/2020E, unanimously affirmed, without costs.
The mortgage foreclosure action brought by Capital Trust (index No. 36200/2020E) was not time-barred. In Prof-2013-S3 Legal Tit. Trust II v Guaman (177 AD3d 545 [1st Dept 2019]), we dismissed the prior foreclosure action on the ground that Capital Trust's predecessor in interest failed to mail Guaman a notice of default in accordance with the terms of the mortgage agreement, a condition precedent to accelerating the debt. Because that purported acceleration was a nullity, the statute of limitations never accrued and, therefore, the present foreclosure action, commenced after the proper mailing of a default notice, was timely (see U.S. Bank N.A. v Hazan, 176 AD3d 637 [1st Dept 2019]). Given the timeliness of the foreclosure action, Guaman's action to quiet title (index No. 26962/2020E) cannot be maintained (see Retemiah v Bank of N.Y. Mellon, 195 AD3d 649 [2d Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023